IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH VERNON ROBINSON, II,

    Petitioner,                    No. 2:11-cv-2289 DAD (HC)

    vs.

R. GROUNDS, Warden,              <u>ORDER AND</u>

    Respondent.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his original petition on August 29, 2011. Therein he challenged his 2007 judgment of conviction, entered by the Shasta County Superior Court pursuant to his no contest plea, on charges of sexual penetration by force and possession of a controlled substance. Petitioner also claimed that he received ineffective assistance of trial counsel when his lawyer failed to file a notice of appeal from the denial of petitioner's motion to withdraw his plea.

        On December 5, 2011, respondent moved to dismiss the petition as barred by the applicable statute of limitations. Petitioner did not timely file an opposition to the motion, and on January 20, 2012 he was ordered to file within thirty days an opposition or a statement of non-opposition to the motion to dismiss. Petitioner filed neither. Instead, on March 6, 2012,

1 petitioner filed a first amended petition challenging the sentence imposed following his
2 conviction and claiming that he received ineffective assistance of counsel in connection with his
3 sentencing. Petitioner also claimed in his amended petition that he is entitled to the benefit of
4 day-for-day credits recently restored by the California Legislature to reduce prison overcrowding.

5 On June 29, 2012, respondent filed a motion to dismiss the first amended petition
6 pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts,
7 contending that petitioner's claims are not cognizable. Petitioner once again did not timely
8 respond to this motion to dismiss. For that reason, by order filed August 23, 2012, petitioner was
9 ordered to file within thirty days either an opposition or a statement of non-opposition to the
10 respondent's motion to dismiss the amended petition. The thirty day period has now expired and
11 petitioner has not responded in any way either to the court's August 23, 2012 order or to
12 respondent's motion to dismiss the amended petition.[1]

13 In his amended petition, petitioner claims that California Penal Code § 667(g)
14 prohibited the use of prior convictions to enhance his sentence and that California Penal Code §
15 651 prohibited enhancing the sentence "based on any other elements of the crime." (First Am.
16 Pet. filed Mar. 6, 2012 (Doc. No. 11), Attachment B at 1.) He argues that the enhancement of
17 his sentence constituted error under California law and therefore violated his right to equal
18 protection.

19 "Habeas corpus relief is 'unavailable for alleged error in the interpretation or
20 application of state law.'" Windham v. Merkle, 163 F.3d 1092, 1107 (9th Cir. 1998) (quoting
21 Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985)). The Equal Protection Clause of the
22 Fourteenth Amendment requires evenhanded application of laws to all persons. McQueary v.
23 Blodgett, 924 F.2d 829, 834-35 (9th Cir. 1991). Petitioner has alleged no facts which support a

---

[1] In light of petitioner's failure to respond to court orders, the court could properly dismiss the pending habeas action without prejudice due to his failure to abide by court orders and failure to prosecute. See Local Rules 110 and 183(a). Nonetheless, the court will address the merits of the unopposed motion to dismiss herein.

finding that the provisions of state law upon which he relies were applied to him in violation of this constitutional guarantee. Accordingly, this sentencing error claim is not cognizable in these federal habeas proceedings.

Next, petitioner claims that he received ineffective assistance of counsel when his attorney failed to bring the above cited provisions of state law to the trial court's attention at sentencing. As explained further below, in order to prevail on his claim of ineffective assistance of counsel, petitioner must show two things, an unreasonable error and prejudice flowing from that error.

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). To support a claim of ineffective assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. 466 U.S. at 687-88. "In determining deficiency, a 'a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance[.]'" Wood v. Ryan, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting Strickland, 466 U.S. at 689). After a petitioner identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003). Second, a petitioner must establish that he was prejudiced by counsel's deficient performance. Strickland, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). The focus of the prejudice analysis is on "whether counsel's deficient performance renders the result of the trial unreliable or the

proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

In advancing his ineffective assistance of counsel claim, petitioner misconstrues California Penal Code § 667(g). That statute provides:

> Prior felony convictions shall not be used in plea bargaining as defined in subdivision (b) of Section 1192.7. The prosecution shall plead and prove all known prior felony convictions and shall not enter into any agreement to strike or seek the dismissal of any prior felony conviction allegation except as provided in paragraph (2) of subdivision (f).

Cal. Pen. Code § 667(g). The statute does not, as petitioner contends, prohibit use of prior convictions for sentence enhancement in plea bargained cases. To the contrary, with limited exceptions it prohibits prosecutors from agreeing to dismiss prior felony conviction allegations as part of the plea bargain process.[2] Accordingly, petitioner's counsel was not ineffective for failing to raise a non-meritorious objection based on California Penal Code § 667(g). See Jones v. Smith, 231 F.3d 1227, 1239 n. 8 (9th Cir. 2000) (An attorney's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel.) (citing Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985)); see also Matylinsky v. Budge, 577 F.3d 1083, 1094 (9th Cir. 2009), cert. denied ___ U.S.___, 130 S. Ct. 1154 (2010) (counsel's failure to object to testimony on hearsay grounds not ineffective where objection would have been properly

---

[2] California Penal Code § 667(f)(2) provides that "[t]he prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior conviction." Where such motion is made, the court may "dismiss or strike" the prior felony conviction allegation if it satisfied that there is insufficient evidence to prove it. Cal. Penal Code § 667(f)(2).

4

overruled); Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance"); Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (Defense counsel's advice to client that he had no basis upon which to withdraw his plea despite his claim that he was surprised to learn that his prior convictions could be relied upon at his sentencing did not support a claim for habeas relief since "[t]he failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.")

In support of his ineffective assistance of counsel claim, petitioner also erroneously relies upon California Penal Code § 654(a) which provides:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

However, there is no evidence in the record before this court that petitioner's sentence violated this state law provision upon which he relies or that petitioner's counsel was ineffective in failing to bring that provision to the trial court's attention at the time of sentencing.

For the foregoing reasons, even assuming arguendo petitioner's ineffective assistance of counsel claim is cognizable in these federal habeas proceedings, it is without merit.

Finally, petitioner claims in the pending petition that he is improperly being denied day for day time credits under a California statute enacted on October 1, 2011. Again, federal habeas corpus relief is unavailable for alleged errors of state law. See Middleton, 768 F.2d at 1085. Moreover, under California Penal Code § 2933.1 a defendant sentenced to a term of imprisonment for a statutorily defined "violent" offense is further limited to a good-time credit earning rate of fifteen percent. People v. Nunez, 167 Cal. App.4th 761, 764-65 (2008). Here, petitioner was convicted of one of the statutorily defined violent offenses listed under § 2933.1. California law provides that the fifteen percent good-time credit earning rate limitation applies throughout the duration of petitioner's aggregate prison term, a period which includes

petitioner's five-year enhancement. In re Reeves, 35 Cal.4th 765, 773 (2005). Therefore, it is apparent that under California law, petitioner is not entitled to earn good-time credits at a higher rate. Rather, a fifteen percent good-time credit earning limitation applies to his entire aggregate prison term imposed by the Shasta County Superior Court. Petitioner has failed to show that he was arbitrarily denied good-time credits by state authorities and has failed to establish a due process violation in the calculation of his time credits. For these reasons, petitioner's time credits is without merit and not cognizable.

For all of the foregoing reasons, petitioner's application for a writ of habeas corpus should be dismissed. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's June 29, 2012 motion to dismiss (Doc. No. 13) be granted;

2. Petitioner's ineffective assistance of counsel claim be denied and petitioner's remaining claims be dismissed; and

3. The district court decline to issue a certificate of appealability.

/////

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within fourteen days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: November 13, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
robi11cv2289.mtd